```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

EARLENE CANTRELL,                )
                                 )
        Plaintiff                )
                                 )       No. 3:13-1395
v.                               )       Judge Trauger/Brown
                                 )
PARKER CORP.,                    )
                                 )
        Defendant                )

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obtain service of process under Federal Rule of Civil Procedure 4(m) and failure to obey Court orders under Federal Rule of Civil Procedure 41(b).

### BACKGROUND

The matter was referred to the undersigned for case management and for a report and recommendation on any dispositive matter (Docket Entry 2). The Plaintiff, acting *pro se*, filed her complaint against Parker Corp.[1] on December 13, 2013 (Docket Entry

---

[1] The complaint itself does not list in the caption the name of the Plaintiff or the Defendant. The Defendant is listed in paragraph 3 of the complaint as Parker with an address of 104 Hartman Drive, Lebanon, Tennessee. Attached to the complaint are two EEOC charges of discrimination. The first, filed February 27, 2012, refers to the Defendant as Parker with the Hartman Drive address (Docket Entry 1, p. 6. The second charge, filed on May 29, 2012, charges retaliation, age discrimination, and disability. It lists the Defendant as Parker Seal with the Hartman Drive address (Docket Entry 1, p. 7). The copy attached to the complaint does not show that it was signed. However, the right to sue letter (Docket Entry 1, p. 5) issued to the Plaintiff on September 17, 2013, refers to the second charge of discrimination. The Magistrate Judge will, therefore, assume that the EEOC had a signed original.

1) alleging a violation of Title VII of the Civil Rights Act of 1964. The Plaintiff paid the $400 filing fee.

In January 2014 the Magistrate Judge directed the Plaintiff to obtain summonses for the Defendant from the Clerk of Court and that the Plaintiff should follow Rule 4 of the Federal Rules of Civil Procedure to serve an appropriate officer of the Defendant Parker Corp. She was advised that under Rule 4(m) of the Federal Rules of Civil Procedure she must complete service of process on this Defendant within 120 days of filing the complaint on December 13, 2014, and that failure to do so could result in her case being dismissed without prejudice (Docket Entry 4). The Plaintiff received this order by certified mail (Docket Entry 6).

Subsequently, on April 23, 2014, the Magistrate Judge entered a show cause order directing the Plaintiff to show cause why her case should not be dismissed for failure to obtain service of process (Docket Entry 8).

Unfortunately, it appears that this order was not sent to the Plaintiff by the Clerk's office, and accordingly, the report and recommendation (Docket Entry 9) recommending that the case be dismissed without prejudice was rejected by the District Judge when the failure of the Clerk's office to send the report and recommendation to the Plaintiff was called to her attention (Docket Entry 13).

Following the rejection of the report and recommendation, on August 27, 2014 the Magistrate Judge again entered an order

directing the Clerk to send another copy of Docket Entry 4 to the Plaintiff and giving the Plaintiff until September 29, 2014, to obtain service of process on the Defendant (Docket Entry 15). The Plaintiff was advised that if she no longer had the summonses she was originally issued by the Clerk's office when she filed her lawsuit, she should immediately come to the Clerk's office and obtain summonses and then follow the procedures set out in Rule 4 of the Federal Rules of Civil Procedure to serve the Defendant.

Plaintiff was specifically advised that if she was unable to comply with the order because of her earlier medical and personal problems, she must submit a motion for extension of time, and the motion must be supported by a doctor's statement or other statements as to why she was unable to complete service of process. This order was sent by certified mail, and according to Docket Entry 17, was signed for at the Plaintiff's address. The signature of the receiving party is illegible. The Clerk's notes show that the order was also sent by regular mail and there is no indication that the regular mail was returned.

The next entry on the docket sheet is that summonses were issued to Plaintiff on September 29, 2014. As of the date of this report and recommendation there is no indication that Plaintiff has actually served the summonses. She has not requested additional time for service.

We are now 11 months past the date the Plaintiff filed her lawsuit and the date of this report and recommendation.

**LEGAL DISCUSSION**

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The Plaintiff was given a specific order and warning on January 6, 2014 by the Magistrate Judge(Docket Entry (4), by the District Judge on August 20,2014 (Docket Entry 13), and again by the Magistrate Judge on August 27, 2014 (Docket Entry 15), of the need to obtain service of process and was specifically warned in all the orders of the consequences of failing to obey Court orders and the need to obtaining service of process. Considering the four criteria of the *Petro* case, the Magistrate Judge finds as follows:

1.  The Plaintiff was warned on three specific occasions that the case could be dismissed for failure to obtain service of process, and of the consequences of failing to do so. In view of the Plaintiff's failure to obtain service of process or to request additional time, the Magistrate Judge can only conclude that her actions are willful.

2.  The Defendant in this case cannot begin a defense until they know they have been sued. In this case the discriminatory conduct is alleged to have occurred in the early part of

4

2012. Well over two years have passed and the Defendant will likely be prejudiced by the passage of time and have difficulty gathering evidence to refute the claims.

3. The Plaintiff has been specifically warned that failure to obtain service and to prosecute her case could lead to a dismissal.

4. While violation of a Court order under Rule 41(b) could result in a dismissal with prejudice, the Magistrate Judge believes that the less drastic remedy of dismissal without prejudice is more appropriate.[2] The Court must be able to control its docket and to move cases forward. In this case the Plaintiff filed a complaint and has failed to take necessary action to obtain service process on the Defendant or to further prosecute her case.

**RECOMMENDATION**

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of

---

[2]Even though the dismissal is without prejudice it is possible that time limitations may prohibit the filing of a new suit.

this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 14th day of November, 2014.

/s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge