IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EARLENE CANTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:13-1395 |
| | ) | Judge Trauger |
| PARKER CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On November 14, 2014, the Magistrate Judge issued a Report and Recommendation (Docket No. 20). This Report and Recommendation was sent by both regular and certified mail, and the regular mail copy has not been returned to the court. The certified mail copy was returned on December 9, 2014, marked "Unclaimed." (Docket No. 23) On December 8, 2014, the plaintiff filed a letter, objecting to the dismissal of this case. (Docket No. 22) Because the plaintiff no doubt received the regular mail copy of the Report and Recommendation within four or five days of its mailing, the objections of the plaintiff are probably untimely. However, the court will rule on them on the merits nevertheless.

Where, as here, a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the

1

report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The plaintiff has received on at least two occasions a copy of the Magistrate Judge's Order of January 6, 2014 that states, in part, as follows:

> The Plaintiff should secure a summons for the Defendant from the Clerk of Court, and the Plaintiff should follow Rule 4 of the FEDERAL RULES OF CIVIL PROCEDURE to serve an appropriate officer of the Defendant Parker Corp.
>
> Under Rule 4(m) of the FEDERAL RULES OF CIVIL PROCEDURE, the Plaintiff must complete service of process on this Defendant within **120 days** of filing the complaint on December 13, 2013. Failure to obtain service of process within this time can result in the case being dismissed without prejudice. If the Plaintiff needs additional time, the Plaintiff should file a motion stating why the Plaintiff needs additional time to secure service.

(Docket No. 4 at 1) Instead of following these instructions, the Plaintiff, having apparently finally secured the issuance of a Summons by the Clerk's Office on September 29, 2014 (Docket No. 19), did not serve the summons. The Plaintiff's objection letter states: "I was just waiting for further communication about next steps in the process in which I was under the impression that this would be the company's response but instead it was a letter of dismissal." (Docket No. 22) The issuance of the summons by the Clerk's Office is the first part of securing service upon the defendant. The second part, actually serving the defendant in a timely manner, is for the plaintiff to accomplish under Rule 4 of the FEDERAL RULES OF CIVIL PROCEDURE, as clearly stated in the Magistrate Judge's Order. (Docket No. 4)

The court realizes that *pro se* parties are at a disadvantage in attempting to file and pursue lawsuits in federal court (or in state court for that matter). However, this plaintiff has been given much leeway and still seems unable to follow required procedures. For these reasons, the Plaintiff's Objections are **OVERRULED**. The Report and Recommendation is **ACCEPTED**

and made the findings of fact and conclusions of law of this court. For the reasons expressed herein and therein, it is hereby **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Rule 4(m), Fed. R. Civ. P.

It is so **ORDERED.** This Order constitutes the judgment in this case.

Enter this 23rd day of December 2014.

ALETA A. TRAUGER
United States District Judge